# IN THE COURT OF APPEALS OF IOWA

No. 15-1455
Filed January 27, 2016

**IN THE INTEREST OF S.S.,**
**Minor Child,**

**C.V.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Daniel A. Dlouhy of Dlouhy Law, P.C., Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman and Kathrine S. Miller-Todd, Assistant Attorneys General, for appellee State.

Kristy L. Hefel of the Public Defender's Office, Dubuque, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

A mother appeals from the August 18, 2015 order terminating her parental rights to her child.[1]  Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we find clear and convincing evidence to terminate the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015): the child is three years of age, has been adjudicated a child in need of assistance, has been out of the mother's custody for at least six consecutive months, and cannot safely be returned to the mother's care at present.

The mother argues the permanency and termination hearings were improperly combined.  She does not provide persuasive authority for that contention.  We agree with the juvenile court there is no statutory authority prohibiting such combined hearings.

The mother has significant mental health issues and mental deficits that interfere with her ability to incorporate parenting information.  *See In re D.W.*, 791 N.W.2d 703, 708 (Iowa 2010) (recognizing that lower mental functioning may be a contributing factor to a parent's inability to provide a safe and stable home).  She reports experiencing black-outs.  In addition, she has no financial or housing stability and demonstrates poor decision-making.  She has been offered services for two years[2] but has not made any sustained progress despite the length of time and amount of services in place.  Thus, there remain significant concerns with the mother's mental health and ability to care for the child on a full-time

---

[1] The father's rights were also terminated.  He has not appealed.

[2] The child came to the attention of the department of human services in October 2013 when the child was admitted to the hospital for failure to thrive.  Services were offered from that time on.  The child was removed from the mother's care in July 2014.

basis safely. *See D.W.*, 791 N.W.2d at 709 (noting "[w]e gain insight into the child's prospects by reviewing evidence of the parent's past performance—for it may be indicative of the parent's future capabilities" (citation and internal quotation marks omitted)).

The mother contends she should have been granted additional time to seek reunification with her child. However, such an extension is only allowed if it can be determined that the need for removal will no longer exist at the end of the extension. *See* Iowa Code § 232.104(2)(b). We cannot make such a finding in this case.

Moreover, as has been previously noted, "'[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests.' [*D.W.*, 791 N.W.2d at 707.] In this case, involving [a child] less than four years old, the statutory timeframe is six months." *A.M.*, 843 N.W.2d at 111 (citing Iowa Code § 232.116(h)(3)). The child has been out of the mother's care since July 2014, far longer than the statutory six-month period, and we will not extend that time waiting for the mother to become a responsible parent. *See D.W.*, 791 N.W.2d at 707.

The child is currently in a foster-adopt home and has a strong bond with her foster mother. The child has gained weight and is thriving with the structure and routine provided in the foster home. We agree with the juvenile court's findings that termination and adoption will best meet the child's long-term physical and emotional needs. *See* Iowa Code § 232.116(2). And we find no consequential factor applies to avoid termination. *See id.* § 232.116(3).

**AFFIRMED.**